1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE VALDVIA, JR.,<br><br>        Plaintiff,<br><br>    v.<br><br>Dr. SMITH, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01020-SKO (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND and DENYING PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF**<br><br>**(Docs. 1, 8, 9)**<br><br>**THIRTY-DAY DEADLINE** |

## INTRODUCTION

### A.     Background

Plaintiff, Jesse Validvia, Jr., is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  As discussed below, Plaintiff fails to state a cognizable claim upon which relief may be granted and the Complaint is DISMISSED.  Although it appears unlikely that Plaintiff will be able to state a cognizable claim, he is granted one opportunity to correct the deficiencies identified below and leave to file a first amended complaint.

### B.     Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

### C.   Pleading Requirements

#### 1.   Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534

U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).

"Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and

the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal.  A violation occurs

when a pleading says too little -- the baseline threshold of factual and legal allegations required

was the central issue in the *Iqbal* line of cases.  *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678,

129 S.Ct. 1937 (2009).  The Rule is also violated, though, when a pleading says *too much*.

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e

have never held -- and we know of no authority supporting the proposition -- that a pleading may

be of unlimited length and opacity.  Our cases instruct otherwise.") (citing cases); *see also*

*McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8,

and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case

impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

plausible on its face.'"  *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual

allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible. He should simply state which of his constitutional rights he believes were violated by each Defendant and set forth the supporting facts. Plaintiff need not and should not cite legal authority for his claims in a first amended complaint. His factual allegations are accepted as true and need not be bolstered by legal authority at the pleading stage. If Plaintiff files a first amended complaint, his factual allegations will be screened under the below legal standards and authorities.

### 2.       Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff fails to show any basis upon which to find that the Delano Regional Medical Center ("the Center") is a state facility, state

agency, or in any way connected with the state for medical personnel therein to be "acting under color of state law."  Nor does Plaintiff state any other basis upon which he premises the Center's liability in this action other than the fact that Dr. Smith performed his surgeries at that facility, Plaintiff assumes he is employed by the Center, and the Center provided the pin that Dr. Smith used on his clavicular repair.

Further, "[s]ection 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).  Plaintiff's allegations must show how each individual defendant participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  However, prisoners proceeding *pro se* in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  *Hebbe*, 627 F.3d at 342.  It is on this last basis that Plaintiff is granted an opportunity to amend his allegations.

## DISCUSSION

### A.    Plaintiff's Allegations

Plaintiff is currently incarcerated at Ironwood State Prison in Blythe California, but attempts to state claims based on incidents that occurred while he was housed at North Kern State Prison in Delano California.  Plaintiff names David Smith, M.D., Delano Regional Medical Center, "Manufacture of Medical Device (pin)," and the California Department of Corrections and Rehabilitation ("CDCR") as defendants in this action.

4

Plaintiff complains of events that occurred following a surgical repair of a broken clavicle. On October 23, 2014, Plaintiff allegedly submitted to surgical repair by Dr. Smith at Delano Regional Medical Center, for a "grade III A/C separated clavicle." Plaintiff alleges that six days after the surgery, he was on his bunk when he heard a loud pop and felt excruciating pain. He was taken for x-rays that revealed that the pin Dr. Smith used to repair his clavicle had snapped in half. Plaintiff alleges that he returned to the Delano Regional Medical Center on November 19, 2014, where Dr. Smith performed another surgery.

All went well until physical therapy was ordered. The physical therapist allegedly thought it was too soon for Plaintiff to begin therapy (though no time frame is stated), but initiated it because Dr. Smith had ordered it. Two weeks into therapy, Plaintiff was riding the stationary bike when another loud pop occurred, followed by excruciating pain. X-rays revealed "that once again [his] collarbone is out." Upon waking from the second surgery, C/O Chavez (who attended both surgeries) told Plaintiff that Dr. Smith said that "even if the sales rep comes 1000 times, he'll never buy that product again." Plaintiff seeks monetary damages and permanent pain medication.

As discussed in greater detail below, these allegations do not state a cognizable claim upon which Plaintiff may proceed. Plaintiff is given the standards that apply to his claims and opportunity to file an amended complaint.

**B.    Legal Standards**

      **1.    Eleventh Amendment Immunity**

Plaintiff names the CDCR as a defendant. The Eleventh Amendment, however, prohibits federal courts from hearing suits brought against an un-consenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053

(9th Cir. 1991); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989).  "Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks*, 951 F.2d at 1053 (citations omitted).  "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature." *Id.* (citation omitted).   Because the CDCR is a state agency, it is entitled to dismissal based on Eleventh Amendment immunity.

### 2.        Eighth Amendment -- Deliberate Indifference

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir.

2014) (citation and internal quotation marks omitted); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).  For screening purposes, Plaintiff's broken clavicle is accepted as a serious medical need.

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319).  "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  " 'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).  In medical cases, this requires showing:  (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096).  More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  *Id.* (internal quotation marks omitted).  Nothing in Plaintiff's allegations show, or even imply, that Dr. Smith was deliberately indifferent to his broken clavicle.

At most, Dr. Smith's actions might amount to a claim for negligence or medical malpractice.  Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004).   "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle,* at 106; *Snow v. McDaniel*, 681 F.3d 978, 987-88 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v.*

*Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) ("The deliberate indifference doctrine is limited in scope.").  Even assuming Dr. Smith erred, a finding which is not supported by the record, an Eighth Amendment claim may not be premised on even gross negligence by a physician.  *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, "[a] difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  Plaintiff must show that Dr. Smith's surgeries were "medically unacceptable under the circumstances" and that Dr. Smith "chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff has not stated any facts upon which to find that Dr. Smith acted with deliberate indifference to his serious medical need.  Plaintiff, therefore, fails to state a cognizable claim for violation of the Eighth Amendment against Dr. Smith.

### 3.    Claims Under California Law

#### a.    The California Tort Claims Act

Under the California Tort Claims Act ("CTCA"), set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired.  "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776, 39 Cal.Rptr.2d 860 (1995).  The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately

8

investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455, 115 Cal.Rptr. 797, 525 P.2d 701 (1974) (citations omitted).  Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official.  *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004).  Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id.* at 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116 (fn.omitted).

To be timely, a claim must be presented to the VCGCB "not later than six months after the accrual of the cause of action."  Cal. Govt.Code § 911.2.  Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim.  Cal. Gov. Code, § 945.6, subd. (a)(1).

Federal courts must require compliance with the CTCA for pendant state law claims that seek damages against state employees or entities.  *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995).  State tort claims included in a federal action filed pursuant to 42 U.S.C. § 1983 may proceed only if the claims were first presented to the state in compliance with the applicable requirements.  *Karim–Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).  Plaintiff has failed to establish that he complied with the CTCA so he may proceed on claims under state law in this action.

### b. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is

discretionary." *Acri v. Varian Assoc., Inc*., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  If Plaintiff has complied with the CTCA, his claims under California law will be allowed to proceed in this Court so long as he has federal claims pending.

### c.    Negligence

"An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff. [Citations.]" *Regents of the Univ. of California v. Superior Court of Los Angeles Cty.*, 240 Cal. App. 4th 1296, 1310, 193 Cal. Rptr. 3d 447, 458 (2015), *reh'g denied* (Oct. 26, 2015) quoting *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 673, 25 Cal.Rptr.2d 137, 863 P.2d 207 (*Ann M.*) [disapproved on another ground in *Reid v. Google, Inc*. (2010) 50 Cal.4th 512, 527, fn. 5, 113 Cal.Rptr.3d 327, 235 P.3d 988].)

"In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation and damages.  The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion.  Whether this essential prerequisite to a negligence cause of action has been satisfied in a particular case is a question of law to be resolved by the court.  To say that someone owes another a duty of care is a shorthand statement of a conclusion, rather than an aid to analysis in itself.  [D]uty is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.  [L]egal duties are not discoverable facts of nature, but merely conclusory expressions that, in cases of a particular type, liability should be imposed for damage done." *Los Angeles Memorial Coliseum Commission v. Insomaniac, Inc.* 233 Cal.App.4th 803, 908 (2015) (citations and quotations omitted).  Plaintiff fails to state any allegations that meet the elements of a

negligence claim under California Law.

### d.      Medical Malpractice

"The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Avivi v. Centro Medico Urgente Medical Center*, 159 Cal.App.4th 463, 468, n. 2, 71 Cal.Rptr.3d 707 (Ct.App.2008) (internal quotations and citation omitted); *Johnson v. Superior Court*, 143 Cal.App.4th 297, 305, 49 Cal.Rptr.3d 52 (2006).

Medical professionals are negligent if they fail to use the level of skill, knowledge, and care in diagnosis and treatment that other reasonably careful medical professional would use in the same or similar circumstances.  This level of skill, knowledge, and care is sometimes referred to as "the standard of care" and can usually only be opined by other medical professionals. *Landeros v. Flood*, 17 Cal.3d 399, 408 (1976); *see also Brown v. Colm*, 11 Cal.3d 639, 642‒643 (1974); *Mann v. Cracchiolo*, (1985) 38 Cal.3d 18, 36; and Judicial Council of California Civil Jury Instruction 500, Summer 2008 Supplement Instruction.  Plaintiff neither sets forth any allegations, nor has any medical education to be able to opine regarding the applicable standard of care and Dr. Smith's breach of this standard.

### 4.      Injunctive Relief

On August 19, 2016, Plaintiff filed two motions seeking preliminary injunctive relief.  In the first motion, Plaintiff requests an order requiring the Center to tell him the name of the manufacturer of the pin that Dr. Smith used to repair his clavicle on October 23, 2014.  (Doc. 8.) In his second motion, Plaintiff requests the CDCR be ordered to tell him the names and badge numbers of the correctional officers who transported him to the Center for both of his surgeries. (Doc. 9.)

As a threshold matter and for the reasons previously set forth in this order, Plaintiff has not stated any claims upon which he may proceed in this action.  The Court has not yet verified

11

whether Plaintiff will be able to state any claim upon which relief may be granted, such that there is no actual case or controversy before the Court.  As such, the Court lacks the jurisdiction to issue the orders sought by Plaintiff.  *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1149 (2009); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1119 (9th Cir. 2009); 18 U.S.C. § 3626(a)(1)(A).  Assuming that Plaintiff is able to amend to state a claim, the pendency of this action will not entitle Plaintiff to obtain orders aimed at securing his ability to litigate effectively or efficiently.  *Id.*  The Court's jurisdiction will be limited to the issuance of orders that remedy the underlying legal claim.[1]  *Id.*

Thus, Plaintiff's motions for records from the CDCR and the Center are denied.

## **ORDER**

For the reasons set forth above, the Complaint is dismissed with leave to file a first amended complaint within thirty (30) days.  Any such first amended complaint shall not exceed twenty-five (25) pages in length, exclusive of exhibits.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty (30) days from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The first amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be

---

[1] It appears that the information Plaintiff is seeking may be obtained via formal discovery, which will open after responsive pleading is filed if he is able to state a cognizable claim upon which to proceed.

[sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further reminded that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading,"  Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's Complaint is dismissed, with leave to amend;

2.      Plaintiff's requests for injunctive relief, filed on August 19, 2016, (Docs. 8, 9), are DENIED;

3.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

4.      Within **thirty (30) days** from the date of service of this order Plaintiff must file either:

     (a)      a first amended complaint curing the deficiencies identified by the Court in this order; or

     (b)      a notice of voluntary dismissal; and

5.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **December 15, 2016**                          /s/ *Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE