# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE VALDVIA, JR.,<br><br>        Plaintiff,<br><br>v.<br><br>Dr. SMITH, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01020-SKO (PC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE**<br><br>**(Doc. 16)**<br><br>**ORDER DIRECTING CLERK'S OFFICE TO CLOSE CASE** |

## **INTRODUCTION**

**A.    Background**

Plaintiff, Jesse Validvia, Jr., is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Despite having been previously provided with the pleading requirements and legal standards applicable to his claims, Plaintiff fails to state a cognizable claim upon which relief may be granted under § 1983. The First Amended Complaint is, therefore, DISMISSED with prejudice and this case is closed.

**B.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## **DISCUSSION**

### A. The First Amended Complaint

Plaintiff is currently incarcerated at Central Valley Modified Community Correctional Facility ("CVMCCF") in McFarland, California, but attempts to state claims based on medical care that he received while he was housed at North Kern State Prison in Delano California. Plaintiff names David Smith, M.D., Delano Regional Medical Center ("DRMC"), "Manufacture of Medical Device (pin)," and the California Department of Corrections and Rehabilitation ("CDCR") as defendants in this action. Plaintiff seeks monetary damages and permanent access to pain medication.

Plaintiff's allegations in the First Amended Complaint have changed little from those in the original Complaint. Plaintiff complains of events that occurred following a surgical repair of a broken clavicle. On October 23, 2014, Plaintiff allegedly submitted to surgical repair by Dr. Smith at DRMC, for a "grade III A/C separated clavicle." Plaintiff alleges that six days after the surgery, he was on his bunk when he heard a loud pop and felt excruciating pain. X-rays revealed that the pin Dr. Smith used to repair his clavicle had snapped in half. Plaintiff alleges that he returned to DRMC on November 19, 2014, where Dr. Smith performed another surgery.

All went well until physical therapy began. The physical therapist allegedly thought it was too soon for Plaintiff to begin therapy, but nonetheless initiated it because Dr. Smith had ordered it. Two weeks into therapy, Plaintiff was riding the stationary bike when another loud pop occurred, followed by excruciating pain. X-rays revealed that the pin in Plaintiff's clavicle had snapped in half. Upon waking from the repair surgery, C/O Chavez (who escorted Plaintiff to his surgeries) told Plaintiff that Dr. Smith stated that "even if the sales rep comes 1000 times, he'll never buy that product again."

As discussed in greater detail below, these allegations do not state a cognizable claim against any of the Defendants upon which Plaintiff may proceed.

2

### 1. CDCR

The Eleventh Amendment prohibits federal courts from hearing suits brought against an un-consenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). "Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks*, 951 F.2d at 1053 (citations omitted). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature." *Id.* (citation omitted). Despite having been informed of these principles in the prior screening order, Plaintiff again names CDCR as a defendant in this action. Because the CDCR is a state agency, it is immune from suit under the Eleventh Amendment.

### 2. Dr. Smith

Plaintiff's claims are based entirely on the medical care and pin Dr. Smith used to repair Plaintiff's broken clavicle; these claims are properly analyzed under the Eighth Amendment. Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th

Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). For screening purposes, Plaintiff's broken clavicle is accepted as a serious medical need, which satisfies the objective prong of an Eighth Amendment claim.

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). " 'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.' " *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). Generally, deliberate indifference "may appear

4

when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotation marks omitted). Nothing in Plaintiff's allegations show, or even imply, that Dr. Smith was deliberately indifferent to Plaintiff's broken clavicle.

As stated in the prior screening order, at most, Dr. Smith's actions might amount to a claim for negligence or medical malpractice. However, before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* at 106; *Snow v. McDaniel*, 681 F.3d 978, 987-88 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) ("The deliberate indifference doctrine is limited in scope."). Even assuming Dr. Smith erred, a finding which is not supported by the record, an Eighth Amendment claim may not be premised on even gross negligence by a physician. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, "[a] difference of opinion between a physician and the prisoner -- or between medical professionals -- concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff is required show that Dr. Smith's surgeries were "medically unacceptable under the circumstances" and that Dr. Smith "chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff has not stated any facts to support a finding that Dr. Smith knew that the pin he used to repair Plaintiff's clavicle posed a substantial risk of serious harm to Plaintiff and used it

5

without regard to that risk. As Plaintiff has not alleged facts to support a finding that Dr. Smith acted with deliberate indifference to his serious medical need, he fails to state a cognizable claim for violation of the Eighth Amendment.

### 3. DRMC

Plaintiff's only allegations against DRMC are that this facility "allowed Dr. Smith to use materials and (sic) facility to perform surgery on inmates from North Kern State Prison in Delano, CA. They are being sued in their individual capacity and official capacity since they are a contracted facility for California inmates." (Doc. 16, p. 6.) This constitutes all of Plaintiff's allegations against DRMC.

Although § 1983 imposes liability only on "persons" who, under color of law, deprive others of their constitutional rights, the Supreme Court has construed the term "persons" to include municipalities which is leniently construed to extend to DRMC. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). However, such an entity is not liable under § 1983 based on the common-law tort theory of *respondeat superior*. *Id*. Rather, an entity is responsible for a constitutional violation only when an "action [taken] pursuant to [an] official municipal policy of some nature" by their employee caused a violation of Plaintiff's rights. *Id*. at 691. A cognizable claim against an entity's employee is a prerequisite for any such claim.

Thus, even if assuming Dr. Smith was an employee of DRMC, Plaintiff may not pursue a claim against DRMC since Plaintiff does not state a cognizable claim under § 1983 against Dr. Smith.

### 4. Medical Device Manufacturer

Plaintiff alleges he is suing the manufacturer of the pin Dr. Smith used in "their individual capacity for a defective product which caused [Plaintiff's] pain and suffering from excruciating pain from this medical device snapping in half inside my body six days after surgery. Which falls under cruel and unusual. (sic) As well as deliberate indifference." (Doc. 16, pp. 6-7.) This constitutes all of Plaintiff's allegations against the manufacturer.

Section 1983 provides a cause of action for violation of Plaintiff's constitutional or other federal rights by "state actors," i.e. persons acting under color of state law. *Nurre v. Whitehead*,

580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff fails to state any allegations to support a finding that the device manufacturer was a "state actor" for purposes of § 1983.

Even assuming the manufacturer can be considered a state actor under § 1983, to state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between the manufacturer's actions or omissions and a violation of Plaintiff's federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011). Plaintiff's allegations must demonstrate direct participation by each defendant in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief against each defendant. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Plaintiff expresses a desire to pursue the manufacturer of the pin used in Dr. Smith's surgeries for deliberate indifference and cruel and unusual punishment. However, Plaintiff fails to state any allegations to show that the manufacturer was aware that the pin used by Dr. Smith to repair Plaintiff's clavicle exposed Plaintiff to a known substantial risk of serious harm. *Toguchi*, 391 F.3d at 1057. Nor does Plaintiff allege facts to support a finding that an injury due to a defective medical device amounts to "excessive physical force against inmates" for an excessive force claim. *Farmer v. Brennan*, 511 U.S. 825 (1994).

In sum, Plaintiff fails to provide any basis to find that the manufacturer of the pin used by Dr. Smith to repair Plaintiff's clavicle is a state actor for purposes of § 1983, and the Court can find none.

**ORDER**

The First Amended Complaint does not state any cognizable claims. Given this persistent deficiency, despite having previously been provided the requisite legal standards, it is futile to allow further amendment. Plaintiff need not be granted leave to amend as the defects in his

7

pleading are incurable. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is HEREBY ORDERED that the First Amended Complaint is DISMISSED with prejudice and the Clerk of the Court is directed to close the action.

IT IS SO ORDERED.

Dated: **May 19, 2017**         /s/ *Sheila K. Oberto*
                                UNITED STATES MAGISTRATE JUDGE